1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 7  In re: | NO: CV-12-486-RMP |
| 8  LLS AMERICA, LLC, | Bankruptcy No: 09-06194-PCW |
| 9  Debtor. | Adversary No: 11-80035-PCW |
| 10 | ORDER GRANTING IN PART AND |
| 11  BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America LLC, | DENYING IN PART DEFENDANTS' MOTION TO WITHDRAW REFERENCE |
| 12  Plaintiff, | |
| 13  vs. | |
| 14  FRASER MILNER CASGRAIN, LLP, | |
| 15  Defendant. | |

16

17        This matter comes before the Court on a motion for withdrawal of reference,

18    ECF No. 1.  The Court has reviewed the motions, the responses, other relevant

19    filings, and is fully informed.

20

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO WITHDRAW REFERENCE ~ 1

**BACKGROUND**

This motion arises from adversarial proceedings that began in the Chapter 11 bankruptcy of LLS America, LLC ("LLS").  According to the adversary complaint, LLS allegedly engaged in a "Ponzi" scheme by accepting loans from various parties and using later loans to repay with interest the earlier lenders.  The defendants named in the complaint are all alleged to have lent money to LLS and received a return with interest of their funds.  The complaint asserts that the payments made by LLS to the lender-defendants constituted fraudulent transfers and that such transfers should be avoided and returned to the bankruptcy estate to be distributed through the bankruptcy process.  The court-appointed trustee seeks the withdrawal of this Court's automatic referral of this case to the bankruptcy court of this district.  The basis for withdrawal is born out of the Court's granting of withdrawal motions filed by defendants in other adversary actions.  In light of the uncertainty surrounding the bankruptcy court's jurisdiction, the trustee asserts that this Court should withdraw reference as to the trial and allow the bankruptcy court to proceed on pretrial matters.  The Defendants have not opposed the motion.

**APPLICABLE LAW**

**Statutory Framework**

District courts have jurisdiction over matters that arise under title 11.  28 U.S.C. § 1334.  However, district courts "may provide that any or all cases under

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO WITHDRAW REFERENCE ~ 2

1  title 11 and any or all proceedings arising under title 11 or arising in or related to a

2  case under title 11 shall be referred to the bankruptcy judges for the district." 28

3  U.S.C. § 157(a). After referral, the district court retains discretion to withdraw the

4  reference, in whole or in part, for cause shown. 28 U.S.C. § 157(d). In

5  determining whether to withdraw reference, "a district court should consider the

6  efficient use of judicial resources, delay and costs to the parties, uniformity of

7  bankruptcy administration, the prevention of forum shopping, and other related

8  factors." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen &*

9  *Helpers*, 124 F.3d 999, 1008 (9th Cir. 1999).

10      A bankruptcy court's statutory authority to enter judgment in a particular

11  proceeding depends on whether that proceeding is a "core proceeding[]" under §

12  157. § 157(b)(1). A bankruptcy court is authorized by statute to "hear and

13  determine all cases under title 11 and all core proceedings arising under title 11, or

14  arising in a case under title 11 . . . and may enter appropriate orders and

15  judgments" subject to appellate review by the district court. *Id.* § 157(b)(1). A

16  bankruptcy court is authorized to hear a non-core proceeding "that is otherwise

17  related to a case under title 11" but may not enter final judgment on such a matter

18  absent consent of all the parties. § 157(c). Instead, in a non-core proceeding, the

19  "bankruptcy judge shall submit proposed findings of fact and conclusions of law to

20  the district court, and any final order or judgment shall be entered by the district

1  judge after considering the bankruptcy judge's proposed findings and conclusions

2  and after reviewing de novo those matters to which any party has timely and

3  specifically objected."  § 157(c)(1).

4  **Impact of *Stern v. Marshall***

5        In *Stern v. Marshall*, the Supreme Court was faced with two questions: (1)

6  whether a counterclaim for intentional interference with a gift by a debtor in a

7  bankruptcy proceeding was a "core" proceeding under § 157; and (2) if so, whether

8  conferring authority to enter final judgment on such a counterclaim was

9  constitutional.  *Stern*, 131 S. Ct. at 2600.  The Court concluded that the

10  counterclaim at issue was a core proceeding under § 157(b) but that the bankruptcy

11  court lacked constitutional authority to enter final judgment on the counterclaim.

12  *Id.* at 2601.

13        In concluding that bankruptcy courts lacked the constitutional authority to

14  enter final judgment on the counterclaim, the Court relied on the fact that the

15  judicial power of the United States is vested in the Supreme Court and those

16  inferior courts established by Congress pursuant to Article III of the Constitution

17  of the United States.  *Id.* at 2608.  The Constitution guarantees that Article III

18  judges "'shall hold their Offices during good Behaviour'" and that an Article III

19  judge's salary may not be decreased during his or her tenure.  *Id.* (quoting U.S.

20  Const. Art. III, § 1).  Such protections exist to ensure that the judiciary is

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO WITHDRAW REFERENCE ~ 4

1  independent of the executive and legislative branches. *Id.* at 2609. Bankruptcy

2  judges do not enjoy lifetime tenure or a guarantee that their salaries will not be

3  decreased. Accordingly, if a bankruptcy court were to be assigned a matter

4  traditionally within the judicial power of an Article III court, it would circumvent

5  the protections provided by Article III to ensure that parties have access to an

6  independent judiciary. *Id.* The Court in *Stern* held that the counterclaim for

7  intentional interference with a gift was the type of claim that fell within the judicial

8  power granted to Article III courts, and, consequently, it could not be resolved by

9  the bankruptcy court. *Id.* at 2620.

10                              **DISCUSSION**

11          The parties agree that the fraudulent conveyance actions at issue in this case

12  are core proceedings under § 157. *See* § 157(b)(2)(H). The Defendants in other

13  cases argued that withdrawal of the reference is appropriate because the estate's

14  claims of fraudulent conveyance are, like the counterclaim in *Stern*, subject to the

15  jurisdiction of Article III courts and may not be conclusively resolved by a

16  bankruptcy court. The Defendants found support for this proposition in *Stern* itself

17  where the Court, recounting its earlier decision in *Granfinanciera, S.A. v.*

18  *Nordberg*, 492 U.S. 33 (1989), characterized fraudulent conveyance actions as

19  "'quintessentially suits at common law.'" *Id.* at 2614 (quoting *Granfinanciera*,

20  492 U.S. at 56). As such, the Defendants argued, the bankruptcy court is not

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO WITHDRAW REFERENCE ~ 5

empowered to enter final judgment on these claims and they are best resolved in the district court.

The trustee suggests that even if a fraudulent conveyance action is the type of action in which the bankruptcy court cannot enter final judgment, the bankruptcy court can address the fraudulent conveyance actions by handling them in the same manner as it addresses non-core proceedings, i.e., by issuing proposed findings of fact and conclusions of law instead of a final judgment.  Any final judgment would then be issued by this Court and would unquestionably meet constitutional muster.

Some have argued that a bankruptcy court is not authorized to resolve core proceedings through a process of issuing proposed findings of fact and conclusions of law.[1]  They assert that while § 157(b) authorizes a bankruptcy court to enter "appropriate orders and judgments" with regard to core matters, there is no statutory authorization for the bankruptcy court to issue proposed findings of fact

---

[1]The Court notes that the Ninth Circuit, in a case that is currently pending, has invited supplemental briefing on both the question of whether bankruptcy courts may enter final judgment on fraudulent conveyance actions and whether bankruptcy courts are authorized to submit proposed findings of fact and conclusions of law in core proceedings.  *In re Bellingham Ins. Agency, Inc.*, 661 F.3d 476 (9th Cir. 2011).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO WITHDRAW REFERENCE ~ 6

1    and conclusions of law.  *See* § 157(b)(1).  Instead, authority to issue proposed

2    findings and conclusions is limited to non-core matters.  *See* § 157(c)(1).

3        This argument has been widely rejected.  *See e.g. RES-GA Four LLC v.*

4    *Avalon Builders of GA, LLC*, 10-CV-463, 2012 WL 13544, at *9-*10 (M.D. Ga.

5    January 4, 2012) (Collecting district court and bankruptcy court decisions holding

6    that a bankruptcy court may issue proposed findings of fact and conclusions of law

7    in core proceedings).  Where the Supreme Court has struck down a portion of a

8    statute as unconstitutional, a district court's duty in construing the remainder of the

9    statute is to "determine what 'Congress would have intended' in light of the

10   Court's constitutional holding."  *United States v. Booker*, 543 U.S. 220, 246 (2005)

11   (citing *Denver Area Ed. Telecomm. Consortium, Inc. v. FCC*, 518 U.S. 727, 767

12   (1996)).  Congress intended for bankruptcy courts to be able to adjudicate actions

13   relating to title 11.  *In re The Mortgage Store, Inc.*, 464 B.R. 421, 427 (D. Haw.

14   2011).  As such, Congress's intent is best served by allowing core proceedings to

15   be addressed through proposed findings of fact and conclusions of law where there

16   are questions as to the bankruptcy court's constitutional authority to enter final

17   judgment in the proceeding.

18       Having concluded that the bankruptcy court may still hear core proceedings

19   as long as any final judgment resolving that proceeding is ultimately entered by the

20   district court, the Court must determine whether withdrawal of reference is

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO WITHDRAW REFERENCE ~ 7

1    appropriate in this case.  A review of the relevant factors set out in *Sec. Farms*, 124

2    F.3d at 1008, leads the Court to conclude that the pretrial process, including

3    dispositive pretrial motion practice, is best handled by the bankruptcy court.

4    Specifically, uniformity of bankruptcy administration, the avoidance of delay, and

5    the efficient use of judicial resources support the handling of pretrial process in the

6    bankruptcy court given what promises to be a document-intensive motion practice

7    and the bankruptcy court's expertise in avoidance actions and existing knowledge

8    of the record.  However, the Court concludes that judicial economy favors holding

9    trial in the district court as trial already necessitates a comprehensive presentation

10   of evidence and holding trial in the district court will avoid the need for any form

11   of de novo review.

12        Accordingly, **IT IS HEREBY ORDERED:**

13        1.  The Trustee's Motion to Withdraw Reference, **ECF No. 1**, is

14            **GRANTED IN PART AND DENIED IN PART**.

15        2.  The Court **WITHDRAWS THE REFERENCE** in the above-captioned

16            case with regard to all defendants and with regard to all causes of action.

17        3.   All unresolved substantive or evidentiary issues that may foreseeably

18            arise during trial shall be addressed by motions *in limine* to be filed and

19            served on or before **March 8, 2013**.  Responses shall be filed and served

20

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO WITHDRAW REFERENCE ~ 8

on or before **March 15, 2013**.  Such motions will be addressed and resolved at the pretrial conference.

4. A joint Pretrial Order, prepared in accordance with the format provided in Local Rule 16.1(b) shall be filed in the district court on or before **March 28, 2013**, and a copy e-mailed to the Court at petersonorders@waed.uscourts.gov.  Plaintiff's trial exhibits are to be numbered 1 through 199; defendant's exhibits 200 and following.  In preparing the joint Pretrial Order, the parties shall confer regarding duplicate exhibits and determine which party will submit such exhibits for trial.

5. Trial briefs and requested voir dire shall be filed in the district court and served on or before **March 28, 2013**.

6. Prior to **March 28, 2013**, the parties shall confer regarding jury instructions.  On or before **March 28, 2013**, the parties shall jointly file in the district court a complete set of jury instructions that contain copies of each instruction on which the parties agree and copies of each instruction that is disputed (i.e., a copy of each party's proposed version, if any, of an instruction on which they do not agree).  All instructions shall be short, concise, understandable, and neutral statements of the law.  Argumentative instructions shall not be submitted or given.  To be

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO WITHDRAW REFERENCE ~ 9

complete, the joint set of instructions must include instructions addressing the elements of each claim or defense, and a proposed verdict form.  Instructions need not be submitted on issues that are not unique to this case, such as standard opening and closing instructions.  Two copies of each proposed instruction, one cited and one un-cited, shall be filed and a copy e-mailed to the court at *petersonorders@waed.uscourts.gov*. *See also* Local Rule 51.1.

7. On or before **March 28, 2013**, each party shall file in the district court and serve a legal memorandum addressing any objections the party has regarding any instructions proposed by any other party.  In their memoranda, the parties shall identify the specific portion of any proposed instruction to which they object and shall concisely state the basis for the objection.  If any of the proposed instructions are modified versions of model instructions, the parties shall identify the modification and legal authority for the modification.  Objections asserting that an instruction sets forth an incorrect or inappropriate statement of law shall cite specific legal authority supporting the objection.  Failure to file an objection and supporting memorandum may be construed as consent to the adoption of an instruction proposed by another party.  Any objection or proposed instruction for which a good faith basis does not exist may result in

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO WITHDRAW REFERENCE ~ 10

sanctions.  The party proposing a disputed instruction may file a memorandum responding to any other party's objections, but must do so on or before **March 28, 2013**.

8. An in-person pretrial conference will be held on **April 9, 2013,** at **9:00 a.m.** in district court in **Spokane**, Washington.

9.  The **jury** trial shall commence on **April 22, 2013**, at **9:00 a.m.** in district court in **Spokane,** Washington

10.  Pursuant to Rule 16 of the Federal Rules of Civil Procedure, this schedule "shall not be modified except upon a showing of good cause and by leave [of the Court]."  Rule 16(f) of the Federal Rules of Civil Procedure provides for sanctions for failure to obey the Scheduling Order.

11.  The Court **REFERS** the above captioned matter back to the bankruptcy court for that court to address all matters prior to trial, including discovery and dispositive motions and any scheduling orders as are necessary to address pretrial motions.  With regard to dispositive motions, the bankruptcy court shall file proposed findings of fact and conclusions of law.  This Court will review de novo those matters to which any party has timely and specifically objected.  Any final judgment entered pursuant to resolution of a dispositive motion will be

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO WITHDRAW REFERENCE ~ 11

entered by this court only after considering the bankruptcy court's

proposed findings of fact and conclusions of law.  The one exception is

that motions for default and default judgment may be raised in the first

instance in this Court.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to

provide copies to counsel.

**DATED** this 11th day of October 2012.


_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO WITHDRAW REFERENCE ~ 12